NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES SAMPSON, Sr.,

        Plaintiff-Appellant,

  v.

OREGON DEPARTMENT OF
CORRECTIONS, an agency of the State of
Oregon; REED PAULSON; JERRY
BECKER; WILLIAM STRAUSS;
WILLAMETTE SURGERY CENTER, LLC,

        Defendants-Appellees.

No.   23-35045

D.C. No. 6:21-cv-01262-IM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted December 5, 2023
Portland, Oregon

Before: NGUYEN and MILLER, Circuit Judges, and MONTALVO,[**] District
Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Frank Montalvo, United States District Judge for the
Western District of Texas, sitting by designation.

Oregon inmate Charles Sampson, Sr., appeals the district court's dismissal of his complaint under 42 U.S.C. § 1983 against Drs. Jerry Becker, Reed Paulson, and William Strauss. Sampson claims the doctors were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Chambers v. Herrera*, 78 F.4th 1100, 1103 (9th Cir. 2023), we affirm in part, reverse in part, and remand.

1. State law supplies the two-year statute of limitations, *see* Or. Rev. Stat. § 12.110(4), but federal law determines when it begins to run. *Reed v. Goertz*, 598 U.S. 230, 235 (2023). Under the discovery rule, a deliberate indifference claim based on medical malpractice "accrues when a plaintiff 'has knowledge of the injury and its cause.'" *Tunac v. United States*, 897 F.3d 1197, 1206 (9th Cir. 2018) (quoting *Winter v. United States*, 244 F.3d 1088, 1090 (9th Cir. 2001)); *see Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017). However, "a cause of action does not accrue . . . when [the] plaintiff has relied on statements of medical professionals with respect to his or her injuries and their probable causes." *Tunac*, 897 F.3d at 1207 (quoting *Winter*, 244 F.3d at 1090).[1]

---

[1] *Tunac* involved a claim under the Federal Tort Claims Act ("FTCA"). The parties cite FTCA cases in discussing the discovery rule's application, and we did so in *Gregg*, a deliberate indifference case, *see* 870 F.3d at 888–89 (discussing *Simmons v. United States*, 805 F.2d 1363 (9th Cir. 1986)). We assume without deciding that FTCA cases are relevant in this context.

Sampson alleges that for three years the doctors did not perform a medically necessary test—an MRI—that would have diagnosed his spinal stenosis while it was still treatable. Instead, he alleges, they repeatedly diagnosed and treated other conditions—carpal tunnel and irritable bowel syndrome—despite his worsening symptoms. Sampson reasonably relied on those diagnoses because as an inmate "he was unable to seek independent medical advice." While "[a] cause of action accrues even if 'the full extent of the injury is not then known,'" *Gregg*, 870 F.3d at 887 (quoting *Wallace v. Kato*, 549 U.S. 384, 391 (2007)), Sampson does not claim that the doctors caused his underlying condition. He alleges injury from the delayed diagnosis caused by the doctors' deliberate decision not to perform the necessary test.

Sampson allegedly first learned of that injury and its cause on September 6, 2019, when Dr. Glass informed him that an MRI showed spinal stenosis had caused his pain and other symptoms. Taking Sampson's allegations as true, as we must, he timely filed his complaint less than two years later.[2]

2. A prison official is deliberately indifferent to an inmate's serious medical needs if the official "knows of and disregards an excessive risk to inmate health." *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc)

---

[2] We do not foreclose a statute of limitations defense at a later stage of the proceedings.

(quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "[A]n inadvertent failure to provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim." *Simmons v. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022).

Sampson alleges that "[t]hroughout 2016, 2017 and 2018, [he] continued to complain of pain, numbness and burning sensations in his back, abdomen, hands and arms" by "sen[ding] numerous inmate communication forms" and that "[t]hese complaints were continuously ignored by defendants," who "misrepresented his medical conditions to him." "Becker knew or should have known . . . that he could not diagnose the cause of Sampson's numbness and pain . . . without performing an MRI" and "ignored this fact and performed an unnecessary and painful surgery for [carpal tunnel syndrome,] a condition Sampson did not have." "Paulson ordered a CT scan of the abdomen and pelvis" and a colonoscopy, the results of which "were normal," but Paulson continued treating Sampson for irritable bowel syndrome "despite knowing that it was unnecessary, unwarranted and would not provide relief for his symptoms."[3]

---

[3] Although the complaint facially assigns this knowledge to Sampson, he asserts that it actually belonged to Paulson, attributing the discrepancy to sloppy drafting. We accept Sampson's explanation; otherwise, he would be entitled to amend the complaint to fix the mistake. *See Gregg*, 870 F.3d at 887, 889 (explaining that leave to amend should be granted unless futile).

23-35045

These allegations sufficiently state a deliberate indifference claim against Drs. Becker and Paulson. Prison officials are deliberately indifferent when, "despite [an inmate's] numerous complaints over a period of years and . . . visibly deteriorating condition, [they] ignore[] his [symptoms]" and instead "continu[e] . . . the same treatment in the face of obvious failure." *Stewart v. Aranas*, 32 F.4th 1192, 1194 (9th Cir. 2022).

Although Sampson makes several allegations against "defendants" that include Dr. Strauss, the only specific allegation against Strauss is that he performed the colonoscopy that Dr. Paulson ordered. That is insufficient to state a deliberate indifference claim.

We affirm the dismissal of Sampson's claims against Dr. Strauss, reverse the dismissal of Sampson's claims against Drs. Becker and Paulson, and remand for further proceedings. The parties shall bear their own costs.

**AFFIRMED in part, REVERSED in part, and REMANDED.**